**Ballard Spahr** LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Michael P. Robotti
Tel: 646.346.8020
Fax: 212.223.1942
robottiM@ballardspahr.com

March 25, 2024

**TO BE FILED UNDER SEAL**

*Via ECF and Email*

Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   United States v. Joseph Elias, 22-CR-317 (LDH)

Dear Judge DeArcy Hall:

      We write to further supplement our December 29, 2023 sentencing submission requesting time served for Joseph Elias. *See* ECF No. 51. As noted in our sentencing submission and in our February 15, 2024 letter regarding Judge Furman's recent decision, Joseph has endured abysmal conditions at the Metropolitan Detention Center ("MDC") in Brooklyn, including repeated lockdowns as a result of MDC staff shortages, inadequate medical and mental health treatment, and crumbling physical conditions. However, since our last correspondence, Joseph's treatment at MDC has worsened, and this treatment further justifies a sentence of time served in this matter.

      Joseph has been isolated in the Special Housing Unit ("SHU") for weeks. Following our report to the Court ▮▮▮▮▮▮▮▮▮▮ on February 28, 2024, he was briefly ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ After two days, Joseph was transferred back to the SHU. Just five days after being placed back in the SHU, the MDC abruptly cut off his long-term Suboxone treatment for his heroin addiction, and Joseph reported that he was experiencing symptoms of withdrawal. This action was extremely concerning, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and Joseph was very distressed by the withdrawal symptoms he was experiencing. As a result, on March 6, 2024, we wrote to the MDC Legal Department requesting that his Suboxone treatment be restarted immediately. The MDC Legal Department did not respond to this email, but thereafter restarted his Suboxone.

      Subsequently, Joseph reported that the MDC had begun serving him maggot-infested food in the SHU, as well as food to which he is allergic, including fish, which is listed as an allergy in his medical records. Joseph showed us what appeared to be maggots that were in

Honorable LaShann DeArcy Hall
March 25, 2024
Page 2

his food during a video call.  As a result of the maggots and allergens, Joseph stopped eating the food being served to him.  Joseph has already lost a significant amount of weight while incarcerated at MDC, and these latest issues have only exacerbated his weight loss.  On March 15 and March 19, 2024, we contacted the MDC Legal Department requesting that he no longer be served food infested with insects, receive food that is allergen-free, and be given Ensure to stem his weight loss.  MDC Legal has failed to respond to our simple requests regarding our client's health and safety.

      In addition to these issues, Joseph reported that he has had his Bible taken from him for several days in recent weeks without cause, thereby violating his First Amendment rights, and that no medical or psychiatric professional saw him for at least a two-week period, despite his repeated requests for mental-health support.  Moreover, Joseph reported that MDC staff issued him multiple unjustified tickets for alleged minor infractions, [redacted] such as allegedly using mattress stuffing to make a pillow while he was in a freezing room [redacted]

      The ongoing harsh conditions of confinement at the MDC warrant time served here.  Joseph needs mental-health and drug treatment; far from providing him the support that he needs, the MDC is exacerbating Joseph's conditions.  It is clear that Joseph's conditions at the MDC during the last nineteen months are far worse than many other defendants who committed similar crimes have endured.  Under the 18 U.S.C. § 3553(a) factors, the Court considers the factors of proportionality, rehabilitation, and the need to avoid unwarranted sentencing disparities.  This disproportionately harsh treatment, coupled with the need for Joseph to be released from the MDC to receive appropriate treatment, warrant a sentence reduction in this matter.

      Accordingly, based on the conditions that Joseph is enduring at MDC, as well as the other factors highlighted in our prior sentencing submissions, we respectfully request that the Court impose a sentence of time served, coupled with court-mandated, closely monitored drug treatment as a condition of supervised release.  *See* § 3553(a).  Because portions of this letter discuss a sensitive medical issue, we request to file those portions of the letter under seal.  We will file a redacted version of the letter on the public docket.

      Respectfully submitted,

      Michael P. Robotti